GARRISON, Judge.
This is an appeal from a judgment of the district court making executory past-due alimony, increasing alimony, denying past due child support, and awarding attorney’s fees for prosecution of the arrearages. From that judgment, which we affirm, Andrew Ware appealed.
Plaintiff and defendant were married on December 24, 1955. Two children were born of the marriage, Bobby William Ware *1235 (born November 3, 1956) and Andrew Jay Ware (born September 1, 1965). After a number of separations and reconciliations, Mr. and Mrs. Ware separated for a final time in 1974.
After a full trial on the merits, the district court rendered a judgment of divorce in favor of Mrs. Elizabeth (Birdie) Panky Ware and against Andrew J. Ware on April 1,1975. The judgment incorporated by reference and continued in effect certain alimony, and child support provisions. A number of other rules to increase/decrease/terminate child support and/or alimony, as well as rules to make arrearages executory and contempt rules were disposed of through the years.
On February 16, 1979, Elizabeth Ware filed a rule to make alimony and child support arrearages executory and for contempt and a rule to increase alimony. She alleged arrearages in the amount of $2,375.00 and sought attorney’s fees for the prosecution thereof.
After trial on the merits, the district court rendered judgment on May 18, 1979, as follows: “IT IS ORDERED THAT:
1. The alimony in the amount of $347.84 which the court holds to be in arrears is hereby made executory;
2. The court denies the claim for arrear-age in child support;
3. The court hereby increases the amount of alimony to $480.00 per month commencing April 1, 1979;
4. The court hereby awards the sum of $150.00 to mover, Mrs. Birdie Pankey Ware for attorney’s fees.”
The district judge additionally provided the following reasons for judgment:
“The court has had three issues presented. The first is for arrearage in child support dating back to August of 1978. The evidence conclusively proves to the court that Mrs Ware surrendered the custody of her child to Mr. Ware in open court and cannot now claim that child support should accrue from the date that she surrendered custody of said child.
The court has the question of past due alimony during the period of March, April and one-half of May of 1978. The court concludes from the evidence that the husband paid $180.00 on March 23, 1978 towards his alimony payments and is entitled. to that sum plus $102.16 paid on her behalf for utility bills incurred by Mrs. Ware, giving him credit of $282.16 towards the arrearage of $450.00, or a new arrearage of $167.84.
The court is of the opinion that the wife’s needs and lack of income necessitate an increase in permanent alimony and the court hereby awards her the sum of $480.00 per month, effective as of April 1, 1979.
The court has also awarded attorney’s fees in the amount of $150.00 in view of its finding that the husband is in arrears in his payments of alimony.”
In response to a motion for a new trial, heard with a rule to change custody and make past due alimony executory, the district judge rendered judgment on June 28, 1979, amending the May 18th judgment as follows:
“IT IS ORDERED THAT:
1. The alimony in the amount of $270.00*. which the Court holds to be in arrears is hereby made executory;
2. The permanent care, custody and control of the minor, Andrew Jay Ware is granted unto the father, Andrew J. Ware, subject to the reasonable visitation rights of: Every other week-end from Saturday at 8:00 p. m. commencing June 16, 1979 and the first week of July and the first week of August in favor of the mother, Elizabeth P. Ware.
3. The motion for New Trial filed by Andrew J. Ware is denied.
4. All other orders and decrees of the May 18, 1979 Judgment, not in conflict with the above orders, is adopted herein by reference.
* * * * * *
* Note: Court gives husband credit for only $180.00 against alleged arrearage of $450.00, leaving a balance of $270.00.
F.V.Z. (Honorable Frank V. Zacearía, Judge).”
*1236 On appeal, Mr. Ware argues that the trial judge erred in increasing alimony to $450.00 a month from $180.00.
Mrs. Ware is unemployed and has no monthly income other than alimony. Her monthly expenses amount to $806.58 as follows:
Rent or note . -<y> LO Ln
Water.
Electricity . G"'
Telephone . M
Food. N> O
Clothes and Cleaning..
Doctor.
Medication.
Auto Insurance.
Gasoline .
Maintenance. .10.00 [1]
Finance Co.
$806.58
In contrast to his ex-wife’s circumstances, Mr. Ware’s financial status has improved. He earns $2,258.34 a month. He has remarried a woman who earns $1200 to $1400 monthly and he lives in his new wife’s home which produces $200.00 monthly rental income. He received $63,000.00 from the sale of immovable property in 1978, owns $38,-850.00 worth of Exxon stock, and had $8,000.00 in a thrift fund.
In contrasting the relative financial situation of the parties, we cannot conclude that the trial judge abused his discretion in increasing the alimony award by $270.00 per month. Additionally, we find that Mrs. Ware is clearly entitled to an award of attorney fees incurred in order to make executory past due alimony.
For the reasons discussed, the judgment of the district court is affirmed; all costs to be paid by appellant.

AFFIRMED.

REDMANN, J., concurs with written reasons which are attached hereto.

. In order to pay her house note, Mrs. Ware made a $900.00 loan from Rayco Finance Company. Additionally, her oldest son has occasionally lent her money to meet expenses.